CLARENCE S. WHITTIER *v.* MONTPELIER ICE CO. & GEORGE W.
PARMENTER.

October Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1917.

*Adverse Possession—Landlord and Tenant.*

The lessees of a part of a river bed cannot acquire by adverse posses-
sion the right to harvest ice over such part during the time they
occupy the premises as lessees and pay the rent without complaint.

APPEAL IN CHANCERY. Heard on bill, answer and facts
found by the chancellor in vacation after the September term,
1916. Washington County, *Fish,* Chancellor. Decree for the
plaintiff. The defendants appealed. The opinion stated the
case.

See the prior report of this case, 90 Vt. 16.

*Herbert G. Barber & Fred B. Thomas* for plaintiff.

*F. L. Laird* for defendant.

MILES, J.   This case was before this Court on a former occasion and is reported in 90 Vt. 16, 96 Atl. 378, and on that occasion the locus involved in this proceeding was fully and clearly described in the opinion of the Court, and it is here necesary only to refer to that case for an understanding of that matter.   The issue raised in this case on that occasion and settled by this Court at the former hearing need only be referred to in the consideration of the single issue on the second trial.

It was claimed by the defendants on the second trial below that they had acquired an easement by adverse possession to cut and harvest ice on that portion of the river claimed by the plaintiff; and this was the issue submitted to the chancellor and upon which he made his findings, and it is from his decree upon these findings that the case comes here upon appeal.

The chancellor finds, that on January 6, 1870, Robert Whittier, plaintiff's father, owned the entire tract of land, embracing the river bed in question, now owned by the plaintiff and defendants, and on that date and on April 15, 1876, conveyed to Clarence Lawrence all the land and river bed to the center thereof, now owned by the defendants, and on April 26, 1884, Lawrence conveyed the same to defendant, Parmenter, who on May 1, 1906, conveyed the same to defendant, the Montpelier Ice Company, who now are the owners thereof; that the plaintiff has succeeded to the ownership of the land owned by his father, H. W. Whittier, at the time of the several conveyances to Lawrence, except the premises now owned by the defendants.

Prior to any conveyances by H. W. Whittier to Lawrence, defendant Parmenter verbally leased the premises now owned by the plaintiff, and that lease was without restriction as to the use of the property covered by it, and contained no provision excluding from its operation the disputed portion of the river bed, and it has been kept in force by either Parmenter or the defendant Ice Company down to April 1, 1910, by the yearly payment of the rent agreed upon.   The land so leased by Parmenter and occupied by him and the Ice Company, bordered upon the disputed portion of the river bed, and the lease containing, as it did, no words of exclusion, embraced that disputed portion; 13 Cyc. 629 b.; Washburn on Real Property, (3rd Ed.) 353, and Williams on Real Property, 312.   Neither the plaintiff nor any of his predecessors in title had been in possession of the leased premises during the time in which the defendants claim

to have acquired title by adverse possession, until 1910, and the possession of the entire river bed had been held by either Parmenter or the Ice Company.

In 1892 Parmenter erected a dam across the river on defendants' land and a short distance below the plaintiff's land, the top of which was twelve inches lower than the dam of the Lane Manufacturing Company, located down the river one hundred or more rods. In this dam of the defendants was an open space in the center of the stream about eight feet long intended to give free access to the water at all times, except when Parmenter or the Ice Company required the water above the dam, where the ice was harvested, to be kept at a steady height. In order to bring about this result, after the ice had formed over the pond, it had been the custom of Parmenter while he owned the plant, and of the Ice Company after it became the owner, to close the open space in the dam, usually leaving it closed until after the high water in the spring when it would again be opened. Without the dam the water in the pond would rise and fall as the same was used by the Lane Manufacturing Company and the ice coming in contact with the sand and gravel at the bottom of the pond would gather up more or less of it; besides the ice would not form as well on such a changing surface.

The chancellor further finds that no damage has been shown to have resulted to the plaintiff on account of the erection and maintenance of the dam complained of.

Many exceptions were taken during the hearing before the chancellor, but only one question has been briefed and argued before us and that relates to the chancellor's decree denying the defendants' claim of title by adverse possession to the disputed portion of the river bed in question and right to harvest the ice thereon. The claim of the defendants is that the decree is inconsistent in that it allows the defendants to acquire a right to the dam by adverse possession and that on the same state of facts denies that right to harvest ice on the disputed portion of the river and they argue that because the chancellor has decreed that they have acquired by adverse possession the right to maintain the dam, upon the same state of facts he ought to have decreed that they had acquired a like right to harvest the ice over the disputed portion of the river bed.

The plaintiff takes no appeal to the decree confirming the defendants' right to maintain the dam, and he and the defend-

ants are content with the decree to that extent. In the circumstances of this case, we are only called upon to decide whether the plaintiff is entitled to the relief granted in that part of the decree to which the defendants object.

The finding of the chancellor, supported by the evidence in the case that the defendants, one or both of them, had held the disputed portion of the river bed as lessee, during the time in which the defendants claim to have acquired by adverse possession the right to harvest ice over the disputed portion of the river bed defeats such claim and it is so well settled everywhere that a lessee cannot acquire by adverse possession such right during the time he occupies the premises as lessee and pays the rent without complaint, that a citation of authorities is unnecessary.

*Decree affirmed and cause remanded.* .